## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JAMES HAMPTON #119203**                         **CIVIL ACTION**

**versus**                                        **NO. 08-1535**

**TIM WILKINSON, WARDEN**                         **SECTION: "E" (3)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, James Hampton, is a state prisoner incarcerated at the Winn Correctional Center, Winnfield, Louisiana.  On July 18, 2005, he pleaded guilty to simple burglary in violation of Louisiana law.  On that same date, he also pleaded guilty to being a third offender and was sentenced as such to a term of twenty years imprisonment without benefit of probation or suspension of sentence.[2]

Petitioner filed with the state district court an application for post-conviction relief on or about October 5, 2006, which he supplemented on or about November 15, 2006.[3]  That application was denied on December 20, 2006.[4]  Petitioner's related writ applications were likewise denied by the Louisiana Fourth Circuit Court of Appeal on March 9, 2007,[5] and by the Louisiana Supreme Court on January 11, 2008.[6]

---

[2] State Rec., Vol. II of II, transcript of July 18, 2005; State Rec., Vol. I of II, minute entry dated July 18, 2005; State Rec., Vol. I of II, guilty plea form.

[3] The state court record filed with this Court does not contain copies of that application or supplement.  However, in a related application for a writ of mandamus filed by petitioner, he stated that the application and supplement were filed on those dates.  See State Rec., Vol. II of II, application for writ of mandamus in case number 2006-K-1549.  For the purposes of this decision, the Court will accept as true petitioner's statement regarding the filing dates.

[4] State Rec., Vol. II of II, Judgment dated December 20, 2006.

[5] State v. Hampton, No. 2007-K-0229 (La. App. 4th Cir. Mar. 9, 2007) (unpublished); State Rec., Vol. II of II.

[6] State ex rel. Hampton v. State, 972 So.2d 1158 (La. 2008) (No. 2007-KH-0809); State Rec., Vol. II of II.

On March 28, 2008, petitioner filed this federal application for *habeas corpus* relief, claiming that the trial judge was biased and that defense counsel was ineffective. The state argues that petitioner's federal application is untimely.[7] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[8]

As noted, on July 18, 2005, petitioner pleaded guilty and was sentenced. Because he did not file a direct appeal within the thirty days allowed by state law, his conviction and sentence became final no later than August 17, 2005.[9] Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period that petitioner had to file his application for federal *habeas corpus* relief with respect his state criminal judgment commenced on that date and expired one year later, i.e. on August 17, 2006, unless that deadline was extended through tolling.

---

[7] Rec. Doc. 10.

[8] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the alternative provisions are not applicable in the instant case.

[9] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La.C.Cr.P. 914. However, the Court also notes that, subject to certain exceptions, a guilty plea normally results in a waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. See State v. Crosby, 338 So.2d 584 (La. 1976). In this case, the Court need not decide whether petitioner had a right to appeal his conviction or sentence pursuant to La.C.Cr.P. art. 914, in that his application for federal *habeas corpus* relief is untimely regardless of whether his conviction was final upon his plea (July 18, 2005) or upon the expiration of his period for filing a motion to appeal (August 17, 2005).

The Court first considers statutory tolling.  The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).  However, petitioner had no such applications attacking his conviction, habitual offender adjudication, or sentence pending before any state court at any time from August 17, 2005, through August 17, 2006.[10]

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  Petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

---

[10]   The Court notes that petitioner states that he filed an application for post-conviction relief on or about October 5, 2006.  However, because that application was filed *after* the expiration of the statute of limitations, it has no bearing on the timeliness of petitioner's federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before August 17, 2006, in order to be timely.  Petitioner's federal application was not filed until March 28, 2008,[11] and it is therefore untimely.

## <u>RECOMMENDATION</u>

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by James Hampton be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighth day of August, 2008.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[11]   "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." <u>Roberts v. Cockrell</u>, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  On his federal application, petitioner declared that his federal application was placed in the prison mailing system on March 28, 2008.  Rec. Doc. 1, p. 15.