```
                    UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


JAMES HAMPTON # 119203                              CIVIL ACTION

versus                                              NO. 08-1535

TIM WILKINSON, WARDEN                               SEC. "E" (3)
```

### MEMORANDUM AND ORDER REGARDING CERTIFICATE OF APPEALABILITY

On August 8, 2008, Magistrate Judge Knowles filed a Report and Recommendation regarding the federal petition of **James Hampton** for *habeas corpus* relief, in which he recommended dismissal of the petition with prejudice because it was not timely filed pursuant to the 28 U.S.C. § 2244(D)(1)(a), as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  R.d. #11.  Having received no objection from Hampton by August 26, 2008, the district court entered an Order adopting the Report and Recommendation, and a Judgment dismissing with prejudice the petition for *habeas corpus* relief as untimely.  R.d. #s 16, 17.  On September 8, 2008, Hampton filed an Objection[1] which failed to address the issue of the untimeliness of his petition, the basis upon which it was dismissed.  Accordingly, the Court overruled the Objection in an Order entered on September 23, 2008.  R.d. #19.

Hampton filed a Notice of Appeal postmarked October 9, 2008,

---

[1] The Objection was dated August 27 and postmarked August 29, 2008, and does not indicate on what date he received a copy of the Report and Recommendation.

in which he refers to a letter he wrote to the Clerk of Court regarding "Habeas Petition presently pending in this Honorable Court.  Case #2:08-cv-1535 - Hampton v. Wilkinson".  The letter to which Hampton refers was dated July 30, 2008, postmarked July 31, 2008, and filed into the record on August 4, 2008. R.d. #12.  In the letter, he argues in response to the state's argument that the petition is untimely[2], that the untimeliness should be excused because on September 1, 2005, after Hurricane Katrina struck, he was evacuated to a federal facility in Coleman, Florida, where he remained until sometime in February 2006.[3] He argues that during that time he did not have access to Louisiana law and could not timely prepare his application for post conviction relief in state court.  Magistrate Judge Knowles' Report and Recommendation, filed into the record on August 8, 2008, at record document #11, does not make any reference to Hampton's letter or address the evacuation issue.

In the interest of fairness, the Court will consider the argument Hampton makes in his letter to the Clerk of Court.

## ANALYSIS

A petitioner is generally required to bring a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 within one year of the date the conviction is final.  28 U.S.C. § 2244(D)(1)(a), as

---

[2] *See* Respondent's Response to Habeas Corpus Petition, entered on July 24, 2008, at record document #10.

[3] Petitioner's letter was not specific about the date on which he was returned to Louisiana.

amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  That limitation applies to this petitioner because his petition was filed after the AEDPA became final on April 24, 1996.  <u>Lindh v. Murphy</u>, 117 S.Ct. 2056, 2060 (1997).  The one year limitation is tolled during the periods that a properly filed petition for post-conviction relief or collateral review is pending in state courts.  28 U.S.C. § 2244(D)(2); <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998).

Hampton entered a guilty plea and was sentenced on July 18, 2005.  Because he did not file a direct appeal within the thirty days allowed by state law, his conviction and sentence became final on August 17, 2005.  La.C.Cr.P. art. 914; <u>Sparks v. Hubert</u>, 2008 WL 1746724, *3 n.10 (E.D.La. 4/11/08), *citing* <u>State v. Counterman</u>, 475 Do.2d 336, 338 (La. 1985).  Pursuant to 28 U.S.C. § 2244(d)(1)(A), he had until August 17, 2006, to file his federal petition for *habeas corpus* relief, unless that deadline was extended by statutory or equitable tolling.

### Statutory Tolling

Hampton had no state applications for post conviction relief pending from August 17, 2005, through August 17, 2006.  His application for state post conviction relief was filed on October 5, 2006.

On September 1, 2005, Chief Judge of the United States District Court for the Eastern District of Louisiana, Helen G. Berrigan issued the following order:

> Due to Hurricane Katrina and its aftermath, and the direct consequences of the evacuation, the disruption of services and communication in the region, and the Courthouse in New Orleans, as well as numerous attorney's offices, being temporarily inaccessible,
> **IT IS HEREBY ORDERED** that all deadlines and delays, including liberative prescription and peremptive periods in cases pending or to be filed in the Court, are hereby suspended until ordered otherwise.

On November 3, 2005, Chief Judge Berrigan ordered that the suspension was "terminated effective November 25, except for good cause shown as determined by the presiding judge." *See* Mark v. Michael, 2008 WL 4635929, *2 (E.D.La. 9/23/08).

The issue of suspension of statutes of limitations as a result of the unprecedented disruptions in lives, commerce and litigation caused by Hurricane Katrina's stunning devastation in this area was addressed in Mark v. Michael.  In that case, the AEDPA limitations period for filing a federal *habeas* petition ran on September 25, 2005.  Id., at *2.  The issue before the Court was the timeliness of the petition.  Although neither the petitioner nor the respondent addressed the question of whether the statutory limitations period was subject to any period of tolling or suspension as a result of Hurricane Katrina, in a Report and Recommendation to the District Judge, Magistrate Judge Shushan did address the issue.  She concluded  "out of an abundance of caution, [] that the limitations period was arguably suspended", and that the petitioner was entitled to the

application of that period of suspension to his case.[4]  Id., *2 (citations omitted).  District Judge Engelhardt entered an Order approving the Magistrate Judge's Report and Recommendation, and adopting it as his own opinion on September 23, 2008.  Id., *1.

This Court agrees with the reasoning in Mark, and finds that Hampton is entitled to the period of suspension tolling the limitations period applicable to his federal *habeas* petition for the 86 days between September 1, 2005 and November 25, 2005.  Hampton's AEDPA limitations period began to run on August 18, 2005.  Chief Judge Berrigan's Order suspending the running of the limitation period was effective on September 1, 2005, after 14 days of Hampton's limitation period had elapsed.  The limitation period began to run again on November 25, 2005.  Hampton filed his first state application for post conviction relief on October 5, 2006, after an additional 314 days of the limitations period had elapsed, for a total of 328 days.  He had 37 days left in his AEDPA limitations period.  After his application was denied by the trial court and the appellate court, the Louisiana Supreme Court denied his request for a writ of certiorari on January 11, 2008.  He filed his federal petition on March 28, 2008, 77 days after the Supreme Court denied his writ, and 40 days after the AEDPA limitations period for filing his federal *habeas* petition ran out on February 17, 2008.

---

[4]Petitioner Mark's petition was still untimely, even after receiving the benefit of the period of suspension of the limitation period.  Id., *3.

<u>Equitable Tolling</u>

"The one year period of limitations in 2244(d)(10) of AEDPA is to be construed as a statute of limitations, and not a jurisdictional bar.  As such, in rare and exceptional circumstances, it can be equitably tolled."  <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir. 1998); <u>Molo v. Johnson</u>, 207 F.3d 773, 775 (5th Cir. 2000).  Equitable tolling is a discretionary doctrine that turns on the facts and circumstances of each case.  <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir. 1999).  In <u>Alexander v. Cockrell</u>, 294 F.3d 626 (5th Cir. 2002), the Fifth Circuit explained equitable tolling as follows:

> "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable".[] The petitioner bears the burden of proof concerning equitable tolling,[] and must demonstrate "rare and exceptional circumstances" warranting application of the doctrine.[] The doctrine will not be applied where the applicant failed to diligently pursue habeas corpus relief under § 2254,[] and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."[] Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.[]

<u>Id.</u>, at 629 (footnotes and citations omitted.)

In <u>Felder v. Johnson</u>, 204 F.3d 168 (5th Cir. 2000), the Fifth Circuit addressed the issue of equitable tolling.  That Court looked to the language chosen by Congress for § 2244(d)(1)(B), (C) and (D)as a guide to the "rare and exceptional

circumstances" that may support equitable tolling.  Id. at 172. Those provisions identify specific circumstances which would apply to start the limitations period after the date on which the petitioner's conviction and sentence became final.  Id.  The Felder Court noted that ignorance of the law or of the statutory limitations period, failure to receive timely notice, and even a period of confinement in a psychiatric hospital without access to one's reading glasses or a law library, are insufficient to support equitable tolling.  Id., *citing* Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), *cert denied*, 119 S.Ct. 1474 (1999); Fisher, 174 F.3d at 714; Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)("equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.")

   Hampton's argument does not present any rare and exceptional circumstances of the kind recognized by the Fifth Circuit as supporting equitable tolling of the limitations period applicable to his petition.  Even allowing an additional 86 days pursuant to the suspension of the running of limitations periods in the Eastern District of Louisiana after Hurricane Katrina, Hampton's federal *habeas* petition is still untimely.  The Court concludes that Hampton is not entitled to a Certificate of Appealability pursuant to FRAP 22(b).

      Accordingly,

**IT IS ORDERED** that Hampton's Response letter dated July 30, 2008, postmarked July 31, 2008, and filed into the record on August 4, 2008 ( R.D. #12) is **OVERRULED;** and

**IT IS ORDERED** that this Court's Order adopting the Magistrate Judge's Report and Recommendation (R.D. #16) is **CONFIRMED.**

New Orleans, Louisiana, this 4th day of November, 2008.

_____
**UNITED STATES DISTRICT JUDGE**